73 F.3d 374
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joseph Edward SCHELL, Plaintiff-Appellant,
v.
J. MEACHAM; Sevier County, Utah, Sheriff's Department,
Defendants-Appellees.
Joseph Edward SCHELL, Plaintiff-Appellant,
v.
R. Don BROWN, County Attorney and Sevier County, Defendants-Appellees.
 Nos. 95-1178, 95-4075.
(D.C.No. 95-S-50)
(D.C.No. 95-CV-428)
 United States Court of Appeals, Tenth Circuit.
 Jan. 8, 1996.
 
 Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court dismissing pro se petitioner Schell's civil rights complaint brought pursuant to 42 U.S.C.1983. The petitioner's appeal is also from the district court's dismissal of an action for a misappropriation of funds on the grounds that the amount in controvery fails to satisfy the jurisdictional prerequisites of Fed.R.Civ.P. 12(h)(3). We GRANT petitioner's motion to proceed in forma pauperis and AFFIRM the order of the district court dismissing the complaint.
 
 
 3
 We construe petitioner Schell's complaint liberally because he is a pro se litigant in this matter. Petitioner's complaint seeks money damages and injunctive and declaratory relief pursuant to 42 U.S.C.1983 for alleged violations of his civil rights related to incarceration in a different facility from the one in which he is now incarcerated. The defendant in this case is the Sheriff of Sevier County, Utah. The violations of constitutional rights alleged by petitioner include allegations with respect to access to telephone communications, solitary confinement, denial of legal counsel, and a conspiracy between the Sherriff and other unnamed officials.
 
 
 4
 We agree with the district court that all of the allegations petitioner makes are vague and conclusory and do not point to any actions on the part of this defendant that violate petitioner's constitutional rights. At a minimum, petitioner must allege personal participation by the defendant in the alleged constitutional violations. We further agree with the district court that injunctive or declaratory relief under the circumstances of this case would be improper where petitioner has failed to allege or make any showing of a reasonable likelihood that he might be injured similarly in the future by this defendant.
 
 
 5
 Petitioner apparently also appeals the determination of the district court that petitioner's allegations of misappropriation of funds fail to reach the jurisdictional amount thresholds required by Fed.R.Civ.P. 12(h)(3). The district court was clearly correct in this determination where the amount that was allegedly misappropriated was $980.00. Petitioner has also failed to plead the state of his citizenship in order to meet the requirements for diversity jurisdiction in this court.
 
 
 6
 The only allegation contained in petitioner's original complaint and appealed here that raises a colorable claim of a constitutional violation is his claim regarding denial of counsel. Petitioner has wholly failed to tie this allegation to the defendant in this case, but that portion of the complaint will be dismissed without prejudice. In all other respects, the order of the district court is affirmed.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3